IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

ANGELA PARR, and
MICHAEL PARR
        Plaintiffs,

vs.

DIVIDEND SOLAR FINANCE LLC,
a division of FIFTH THIRD BANK;

        Defendant.

## COMPLAINT

1. Plaintiffs Angela and Michael Parr seek redress for the deceptive and unlawful sale of a non-functioning solar energy system.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1332, 1337 and 1367 and 15 U.S.C. §1640.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Illinois. Defendant is a limited liability company. On information and belief, its sole member is Stephen Eric White, Jr., 1 California Street, Ste. 1500, San Francisco, CA 94111. On information and belief, he is a citizen of California.

4. Venue is proper in that this case concerns a financing contract entered into in this district and secured by property in this district.

## PARTIES

5. Plaintiffs Angela Parr and Michael Parr are individuals who reside in a home which they own in Effingham, Illinois. The various documents given to Ms. Parr mistakenly mark Plaintiffs' residence as located in Watson, Illinois.

6. Fifth Third Bank, NA is a bank headquartered at 38 Fountain Sq Plz, Cincinnati, OH

45263. Dividend Solar Finance LLC is a limited liability company organized under Delaware law with its principal office at 1 California Street, Ste. 1500, San Francisco, CA 94111, that is now a division of Fifth Third Bank NA ("Dividend"). It does business in Illinois. Its registered agent and office is Registered Agent Solutions Inc., 3000 Professional Dr., Ste. A, Springfield, IL 62703.

7. Defendant is engaged in the business of financing the sale of solar systems.

8. Defendant enters into more than 26 consumer credit transactions per year.

**FACTS**

9. In November 2021, Ms. Parr contacted Power Home Solar d/b/a Pink Energy for the installation of a solar energy system at Plaintiffs' home.

10. A Power Home Solar d/b/a Pink Energy salesperson told Plaintiffs that the installation of a solar energy system would result in significant savings in Plaintiffs' electrical bill, that they would not have an electricity bill besides a monthly charge, and that they would be able to sell electricity back to the grid. The salesperson also promised a substantial tax rebate, and a valuable warranty on the system.

11. Based on these representations, and while being rushed to sign the documents, Ms. Parr agreed to purchase a solar system from Power Home Solar.

12. The salesperson rushed Ms. Parr through the process and insisted that the contract had to be signed that day. The salesperson did not allow her time to thoroughly review the documents and contracts; rather, she had to decide immediately whether to contract with Pink Energy.

13. Ms. Parr then contracted with Power Home Solar d/b/a Pink Energy in November 2021, for the installation of a solar energy system at Plaintiffs' home in reliance on the salesperson's representations.

14. The salesperson represented to Plaintiffs that the tax rebate of 26% was

guaranteed. That is a false statement, as the amount obtainable from tax rebates is based on an individual's income and a number of other factors that vary from person to person.

15. The system was not installed and "turned on" until January 2022, and the system has never worked properly, if at all. The system has often had red lights flashing since its installation.

16. Repeated requests by Ms. Parr asking Pink Energy to repair the system were unavailing. Often the workers sent by Pink Energy to fix the system did not show up. When they did show up, the workers were unable to make the system operate for more than a week.

17. The system was not properly installed and, on information and belief, there are holes in the roof from the installation that have caused the leaking and water damage. Said damage is estimated to be greater than $20,000. The installation caused damage to the grounds of Plaintiffs' property as well. Plaintiffs have paid over $500 to partially repair the grounds, but more work may be required.

18. The system has not worked properly since it was installed. Plaintiffs' electric bill has not materially decreased, and Plaintiffs have not been able to sell any electricity back to the electric company.

19. Plaintiffs attempted to cancel the contract with Pink Energy within a week of Ms. Parr signing the documents, but they were told it was too late and that the contract was binding. Plaintiffs continued to attempt to cancel the contract with both Dividend and Pink Energy due to performance and customer service issues.

20. The system Pink Energy supplied was manufactured by Generac Power Home. On information and belief, Defendant was aware of numerous problems with both Pink Energy and Generac's systems prior to making the loan to Ms. Parr to finance her solar system. Generac is now being sued in at least two class action cases for defects relating to its defective and dangerous systems.

21. Prior to the installation, Plaintiffs were informed that the solar panels would be installed on the east and west sides of the house, instead of in the yard as the Parrs desired. The majority of the panels were, however, actually installed primarily on the north side of the house, the area that receives the least sunlight. When the Parrs inquired about the discrepancy, Pink Energy stated that the solar system's production would not change if the panels were installed on a different place on the roof or if they were ground mounted in the yard.

22. The system Pink Energy supplied was manufactured by Generac Power Home. On information and believe, Defendant was aware of numerous problems with both Pink Energy and Generac's systems prior to making the loan to Mrs. Parr to finance his solar system. Generac is now being sued in at least two class action cases for defects relating to its defective and dangerous systems.

23. In addition, Pink Energy represented that it would reimburse Ms. Parr for four months of installment payments, but Plaintiffs never received the reimbursement. Appendix A.

24. Power Home Solar d/b/a Pink Energy has gone out of business and filed bankruptcy.

25. Power Home Solar d/b/a Pink Energy arranged for financing with Dividend Solar Finance LLC.

26. Financing documents were presented to Plaintiff Angela Parr on November 13, 2021. Appendix B contains a copy of the "Loan and Security Agreement."

27. The "Loan and Security Agreement" states that "You are giving a security interest in the Collateral being purchased." The "Collateral" is defined as "solar photovoltaic (PV) electricity generation, energy storage and/or related equipment or improvements".

28. The financing agreement provided for an amount financed of $77,425, an annual

percentage rate of 2.99%, and a total of payments of $110,761.66.

29. Mr. and Ms. Parr were not given notice of their right to cancel the transaction pursuant to the Truth in Lending Act, 15 U.S.C. §1601 et seq.

30. Mr. Parr, who has an ownership interest in the property subject to Defendant's security interest, was not given notice of his right to cancel the transaction pursuant to the Truth in Lending Act, 15 U.S.C. §1601 et seq.

31. To avoid providing notice of the right to cancel, the financing agreement asserts that the parties "agree" that the solar installation is "removable personal property."

32. In fact, it is not removable without damage to the home, requiring significant repairs.

33. Plaintiffs have repeatedly asked Defendant to remove the panels in order to fix their roof, but Defendant thus far has only agreed to remove the panels on the condition that the system is reinstalled. Plaintiffs are investigating other options to remove the panels before winter fully sets in.

34. The financing agreement provides that any holder (Dividend Solar Finance) is subject to claims and defenses good against the seller of the goods and services obtained with the proceeds of the financing (Power Home Solar d/b/a Pink Energy).

35. There are numerous complaints that Power Home Solar d/b/a Pink Energy representatives falsely stated that its systems would substantially reduce utility costs, such that the savings would make up for the cost of the system.

36. Many of these complaints pre-date the contract with Plaintiffs. Examples are in Appendix C.

37. It was the standard operating practice of Power Home Solar d/b/a Pink Energy to make such representations.

38. The representations were false and known to be false to Power Home Solar d/b/a

Pink Energy.

39. Defendant regularly financed solar systems sold by Power Home Solar d/b/a Pink Energy.

40. On information and belief, Pink Energy established contracts with Respondents for those entities to work with Power Home to sell and finance residential solar power systems that produced electricity. Every financed deal had two contracts—an installation agreement with Power Home and a credit contract directly with the lender. The same salesperson presented both contracts and used one program on an iPad that did all the calculations and determined the price. Pink Energy's contracts with Respondents included a hidden fee that Respondents included in and retained from each loan to Pink Energy's consumer customers. *See Mumpower, et al. vs. Power Home Solar, LLC, et al.*, Case No. 23-03005 (Bankr. W.D. Nor. Car. 2023), *Dkt.* 34.

41. On information and belief, due to the hidden fee described above, Pink Energy and Respondents knowingly made a loan to Ms. Roubal that was inflated by amounts Respondents kept for themselves, even though the financing documents presented to Ms. Roubal represented that the principal of the loans was to be used exclusively to pay for the design, installation, and solar power generation equipment that Ms. Roubal was purchasing from Pink Energy. This inflation was concealed from Ms. Roubal and would be unknown to a typical consumer. *Id.*

42. On information and belief, when the systems were to be financed, Pink Energy increased the cost of the system far higher than if the consumer were to pay cash. One reason for this was due to Pink Energy and Respondents agreeing that Pink Energy would not receive the full amount of the loan set in the contract. The financial entities would receive the difference between the loan amount and the amount consumers paid to Pink Energy for the solar power system.

43. Defendant was on notice of the practice of Power Home Solar d/b/a Pink Energy of falsely stating that its systems would substantially reduce utility costs, such that the savings would make up for the cost of the system, prior to the contract with Plaintiff.

44. By making such representations after numerous complaints that they were not true, Power Home Solar d/b/a Pink Energy committed fraud.

45. By continuing to finance Power Home Solar d/b/a Pink Energy transactions, Defendant Dividend Solar Finance, LLC agreed to participate and did participate in the commission of fraud.

## COUNT I – BREACH OF CONTRACT AND BREACH OF WARRANTY – ILLINOIS LAW AND MAGNUSON MOSS ACT

46. Mrs. Parr incorporates paragraphs 1-45.

47. The solar energy system does not work and is of no value to Mrs. Parr.

48. The solar energy system is unmerchantable, in violation of 810 ILCS 5/2-314 and actionable under the Magnuson Moss Act.

49. The solar energy system is a consumer product as defined in the Magnuson Moss Consumer Products Warranty Act, 15 U.S.C. § 2301(1) and implementing regulations, 16 C.F.R. §701.1(b). Section 2301(1) provides:

> (1) The term "consumer product" means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed).

WHEREFORE, Mrs. Parr requests the following relief:

i. Compensatory damages;

ii. Rescission of the transaction;

iii. Attorney's fees, litigation expenses and costs (15 U.S.C. § 2310);

iv. Such other and further relief as is proper.

## COUNT II – CONSUMER FRAUD

50. Plaintiff Angela Parr incorporates paragraphs 1-45.

51. Power Home Solar d/b/a Pink Energy engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

   a. falsely stating that its systems would substantially reduce utility costs, such that the savings would make up for the cost of the system,

   b. damaging Plaintiffs' roof in the process and failing to repair them;

   c. promising rebates without intending to provide them;

   d. shoddily installing a system that may be defective; and

   e. falsely informing Mrs. Parr that she had no right to cancel the transaction.

52. Defendant is liable under the terms of the contract.

53. Defendant itself engaged in unfair and deceptive acts and practices by financing sales of solar systems by Power Home Solar d/b/a Pink Energy after learning that it misrepresented the benefits of such systems.

54. Defendant engaged in a pattern and practice of financing sales of these solar systems, despite knowing that Power Home Solar d/b/a Pink Energy was engaging in unfair and deceptive acts and practices.

55. Without financing, Power Home Solar d/b/a Pink Energy would have ceased business prior to the sale to Plaintiff.

WHEREFORE, Mrs. Parr requests the following relief:

   i. Compensatory damages;

   ii. Punitive damages;

   iii. Rescission of the transaction;

      iv.      Attorney's fees, litigation expenses and costs;

      v.      Such other and further relief as is proper.

## COUNT III – COMMON LAW FRAUD

56.    Mrs. Parr incorporates paragraphs 1-45.

57.    Power Home Solar d/b/a Pink Energy committed fraud by:

    a.    Falsely stating that its systems would substantially reduce utility costs, such that the savings would make up for the cost of the system; and

    b.    Promising rebates without intending to provide them.

58.    Defendant is liable under the terms of the contract.

59.    Defendant itself engaged in fraud by financing sales of solar systems by Power Home Solar /b/a Pink Energy after learning that it misrepresented the benefits of such systems.

60.    Defendant engaged in a pattern and practice of financing sales of solar systems by Power Home Solar /b/a Pink Energy after learning that it misrepresented the benefits of such systems.

61.    Without financing, Power Home Solar d/b/a Pink Energy would have ceased business prior to the sale to Plaintiff.

WHEREFORE, Mrs. Parr requests the following relief:

      i.      Compensatory damages;

      ii.      Punitive damages;

      iii.      Rescission of the transaction;

      iv.      Costs;

      v.      Such other and further relief as is proper.

## COUNT IV - BREACH OF CONTRACT- WARRANTY

62.    Ms. Parr incorporates paragraphs 1-45.

63. Ms. Parr entered into the contract with Power Home Solar d/b/a Pink Energy due to, in part, the limited warranty offered.

64. Power Home Solar d/b/a Pink Energy warranted that for ten years following the installation of the solar panels:

> (A) the Project Work will be of good quality, new when installed and installed in a good workmanlike manner, using principles, criteria and standards generally accepted for use by a contractor in the same industry as Company,
>
> (B) the Project Work is, at the time of completion, in compliance with the requirements of all applicable governmental laws, regulations and requirements, and
>
> (C) the Project Work is free from defects in workmanship…. (Appendix D, pp. 9-10)

65. Power Home Solar d/b/a Pink Energy also warranted that said warranty applied to any repairs made within ten years of installing the solar panels.

66. The solar system does not produce the amount of power promised by the contract despite Plaintiff's attempts to utilize the warranty.

67. The warranty was a material term of the contract. Plaintiff Angela Parr would not have agreed to enter into a contract with Power Home Solar if the limited warranty was not included.

68. As the system still does not function as promised, even after attempting to repair the system, the warranty is worthless to Plaintiff.

69. Power Home Solar breached its express warranty by:

   a. Not fulfilling the express warranty prior to filing for bankruptcy; and

   b. Due to the bankruptcy, the express warranty can never be fulfilled.

   c. Plaintiff is entitled to have their warranty fulfilled by the contracting party or its agents.

70. Defendant is liable under the terms of the contract.

WHEREFORE, Plaintiff Angela Parr requests the following relief:

    i. Compensatory damages;

    ii. Punitive damages;

    iii. Rescission of the transaction;

    iv. Costs;

    v. Such other and further relief as is proper.

## COUNT V – TRUTH IN LENDING ACT

71. Mr. Parr incorporates paragraphs 1-45

72. Defendant violated 15 U.S.C. §1635 by failing to provide notice of the right to cancel under federal law.

73. The CFPB has issued a form notice of the right to cancel (Appendix E), but Defendant failed to use the appropriate notice form or a document that contained substantially the same terms. 12 C.F.R. § 1026, Appendix H, Form H-8.

74. Ms. Parr previously tried to rescind the transaction, before it was installed, and was told she could not.

75. Mr. Parr elects to rescind the transaction.

WHEREFORE, Plaintiffs request the following relief:

    i. Statutory damages;

    ii. Rescission of the transaction;

    iii. Attorney's fees, litigation expenses and costs;

    iv. Such other and further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)

Tara L. Goodwin (ARDC 6297473)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)